IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NUMBER:

5:05-CV-362-FL(3)



| | |
|---|---|
| Johnny M. Bagley<br>*Plaintiff*, | )<br>)<br>) |
| vs. | ) **COMPLAINT**<br>) *(Jury Trial Requested)* |
| Vecellio & Grogan, Inc. (Vecellio),<br>*Defendant.* | )<br>)<br>)<br>) |

I.

1. This action is brought by a black citizen of Wake County, Raleigh, North Carolina, for declaratory and injunctive relief as well as damages. Plaintiff seeks to restrain Defendant from maintaining a policy, practice, custom or usage of discriminating and retaliating against plaintiff for exercising his rights under Title VII with respect to compensation, terms, conditions, promotions, and privileges of employment in ways which deprive plaintiff of equal employment opportunities and otherwise adversely effect plaintiff's status as an employee.

2. Jurisdiction of the Court is invoked pursuant to 28 USC § 1343 (3) and (4), 28 USC § 1331, and 42 USC § 2000e-5(f), this being a proceeding to enforce rights and remedies secured to plaintiff by Title VII of the Civil Rights Act of 1964, 42 USC § 2000e et. seq. as amended and as amended by the Civil Rights Act of 1991, 29 USC §§ 621 et seq. and 42 USC § 1981.

3. Jurisdiction is further invoked pursuant to 28 USC §§ 2201 and 2202, this being an action for declaratory relief declaring illegal the acts of defendant complained herein in violation of rights secured to plaintiff by the several Civil Rights Acts and the Constitution.

4. All conditions precedent to jurisdiction under 42 USC § 2000e-5(f)(3) have occurred or been compiled with, to writ:

- In 2004, plaintiff timely submitted a charge of discrimination on the basis of race discrimination and retaliation to the Equal Employment Opportunity Commission (EEOC).

- On or about February 24, 2005, plaintiff received a "notice of right to sue letter." A copy of this notice is attached and incorporated in this complaint.

II.

Plaintiff, Johnny M. Bagley, is a black male citizen of the United States and the State of North Carolina and resides in Wake County, North Carolina.

III.

The unlawful practices alleged herein were committed within the State of North Carolina; specifically in Wake County, North Carolina.

IV.

Defendant is an employer engaged in an industry that affects commerce and employs more than fifteen (15) employees.

V.

Plaintiff began his employment with Defendant in 2001, working as a truck driver. The plaintiff contends that during his employment, he was repeatedly subjected to racial harassment by a co-

worker. Said harassment included but was not limited to, racial slurs, threats, taunts, and other indignities. The plaintiff further contends that the harassment was pervasive, severe, and unwelcome; and that he was offended by said harassment. The plaintiff further contends that the harassment interfered with his ability to perform his job.

VI.

In 2004, the plaintiff filed a formal complaint with the EEOC alleging racial discrimination and retaliation. The plaintiff further contends that after filing his charge of discrimination he was treated differently than similarly situated non-African American employees who had not filed EEOC charges, with regard to the terms and conditions of his employment, including but not limited to, job responsibilities, job performance expectations, discipline, work hours, and promotion opportunities. The plaintiff further contends that in certain situations, non-African American employees were treated more favorably than African American employees.

VII.

As a result of the discriminatory acts by the Defendant and its' supervisors, the Plaintiff suffered damages, including but not limited to, financial loss, and emotional distress. The plaintiff further contends that he suffered a "tangible employment action" as a result of the harassment of his co-workers. The plaintiff further contends that the employer knew or should have known of the aforementioned harassment because of the plaintiff's numerous complaints and based on its first hand knowledge.

VIII.

The Plaintiff contends that after complaining about race discrimination, the Defendant retaliated against him in various ways, including but not limited to, changing the terms and conditions of his employment, and reducing his wages. The plaintiff further contends that the employer failed to take reasonable steps to prevent and promptly correct the harassment. The plaintiff further contends that he made every effort and attempt to avoid the harassment complained of herein.

IX.

Plaintiff contends that at all times alleged herein, he was qualified for any position held with the Defendant.

X.

Plaintiff, as well as other African American employees, was routinely subjected to disparate treatment due to their race, in terms of the work conditions, privileges, benefits and work environment.

XI.

Plaintiff's claims of the violation of Title VII and 42 USC § 1981 arise from the above allegations of retaliation and disparate treatment.

XII.

The plaintiff further contends that all supervisors were, at all times herein, working within the course and scope of their employment and in furtherance of the employer's business. Further,

pursuant to the doctrine of respondeat superior, the Defendant is vicariously liable for acts herein alleged against the plaintiff by its supervisors. Alternatively, the acts of the aforementioned employees may not have been within the scope of their employment. Plaintiff alleges that the employer remains liable for its negligent retention of those employees.

XIII.

The plaintiff complained to upper management regarding the discriminatory conduct in the terms and conditions of his employment; however, the Defendant failed to act accordingly.

XIV.

Defendant's failure to act constituted a ratification of its supervisor's acts.

XV.

Defendant subjected the Plaintiff to a racially hostile work environment in violation of 42 USC § 1981 and Title VII. Further Defendants discriminated against Plaintiff due to race in the terms and conditions of his employment in violation of 42 USC § 1981 and Title VII.

XVI.

The Defendant maintains a pattern and practice of generally subjecting black workers to disparate treatment.

## INJUNCTIVE RELIEF

1. Plaintiff has no plain, adequate or complete remedy at law to redress the wrong alleged, and this suit for injunctive relief is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's policy, practice, custom, and usage as set forth herein, unless and until enjoined by this Court.

2. The aforementioned acts of the defendant constitute unlawful discrimination and retaliation against plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000(e), et seq. as amended by the Civil Rights Act of 1991, 29 USC §§ 621 et seq. and 42 USC § 1981.

## COUNT ONE

The Defendant is liable to the Plaintiff for subjecting him to race discrimination, racial harassment and disparate treatment in the terms and conditions of his employment in violation of Title VII and 42 USC § 1981.

## COUNT TWO

The Defendant is liable to the Plaintiff for retaliating against him for his complaints in opposition to discriminatory treatment and for his participation in a charge of discrimination in violation of Title VII and 42 US § 1981.

**WHEREFORE, plaintiff prays the Court that it:**

1. Enter a declaratory judgment that the practices complained of herein are unlawful and in violation of plaintiff's rights;

2. Permanently enjoin the defendant from engaging in said unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

3. Award plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorneys fees and the costs and disbursements of this action;

4. Award plaintiff punitive damages;

5. Award plaintiff backpay with prejudgment interest, and affirmative relief necessary to eradicate the effects of the unlawful employment practices;

6. Grant plaintiff a jury trial on all issues of fact, and;

7. Grant such other relief as may be just and proper.

This the 20th of May, 2005.

GRAY, NEWELL, JOHNSON AND BLACKMON, LLP.

BY: _____
Angela Newell Gray
8 West Third Street, Suite 100A
Winston-Salem, NC 27101
(336) 724-0330
Attorney for Plaintiff
NC Bar # 21006

TO: From: M.N. Donnie Muhammad
919-538-8060 CELL

EEOC Form 161-A (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
(CONCILIATION FAILURE)

| To: Johnny M. Bagley | From: Raleigh Area Office |
| P. O. Box 0202 | 1309 Annapolis Drive |
| Rocky Mount, NC 27802 | Raleigh, NC 27608 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 141-2004-00461 | Evelyn H. Lewis, Senior Investigator | (919) 856-4742 |

**TO THE PERSON AGGRIEVED:**

This Notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Richard E Walz                        2/24/05
Richard E. Walz,                       (Date Mailed)
Area Office Director

Enclosure(s)

cc: C. Robert Leadbetter
Vice President Human Resources
VECELLIO GROUP, INC.
101 Sansbury's way
West Palm Beach, FL 33411