UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CV-362-FL (3)

FILED
JUN 2 0 2005
FRED L. BORCH III, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

JOHNNY M. BAGLEY, )
)
      Plaintiff, )
)
v. ) ANSWER
)
VECELLIO & GROGAN, INC., )
)
      Defendant )

NOW COMES Vecellio & Grogan, Inc., Defendant herein, and answers the Complaint filed by Plaintiff on May 24, 2005, which was served on Defendant on June 2, 2005, as follows:

### FIRST DEFENSE

With regard to the specific allegations contained in the Complaint, Defendant answers and avers as follows:

1. With regard to paragraph I (1) of the Complaint, Defendant admits only that "[t]his action is brought by a black citizen of Wake County, Raleigh, North Carolina," and that it requests "declaratory and injunctive relief as well as damages." Defendant denies all other allegations contained in paragraph 1 and specifically denies engaging in any of the conduct alleged by Plaintiff or that Plaintiff is entitled to any of the relief requested.

2. With regard to paragraph I (2) of the Complaint, Defendant admits only that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (4), and 42 U.S.C. § 2000e-5(f) and that Plaintiff attempts to allege violations of Title VII of the

Civil Rights Act of 1964, the Civil Rights Act of 1991, and 42 U.S.C. § 1981. Defendant denies all other allegations contained in paragraph I (2) of the Complaint and specifically denies that Plaintiff is entitled to any relief or remedy.

3. With regard to paragraph I (3) of the Complaint, Defendant admits only that Plaintiff asks for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Defendant denies all other allegations contained in paragraph I (3) of the Complaint.

4. With regard to paragraph I (4) of the Complaint, Defendant admits only that on December 11, 2003, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging race discrimination and retaliation in certain specified respects and that on or about February 24, 2005 the EEOC issued to Plaintiff a Notice of Right To Sue. Defendant denies all other allegations contained in paragraph I (4) of the Complaint, including, but not limited to, the allegation that "[a]ll conditions precedent to jurisdiction under 42 USC § 2000e-5(f)(3) have occurred or been complied with."

5. Defendant admits the allegations contained in paragraph II of the Complaint.

6. With regard to paragraph III of the Complaint, Defendant admits only that the situs of Plaintiff's employment with Defendant was and is Wake County, North Carolina. Defendant denies all other allegations contained in paragraph III of the Complaint.

7. Defendant admits the allegations contained in paragraph IV of the Complaint.

8. With regard to paragraph V of the Complaint, Defendant admits only that Plaintiff began working for Defendant in September 2002 as a truck driver. Defendant denies all other allegations contained in paragraph V of the Complaint.

9. With regard to paragraph VI of the Complaint, Defendant admits only that in December 2003, Plaintiff filed a charge with the EEOC. Said charge speaks for itself. Defendant denies all other allegations contained in paragraph VI of the Complaint.

10. Defendant denies all allegations contained in paragraph VII of the Complaint.

11. Defendant denies all allegations contained in paragraph VIII of the Complaint.

12. With regard to paragraph IX of the Complaint, Defendant admits only that Plaintiff satisfies the minimum qualifications for the position of truck driver. Defendant denies all other allegations contained in paragraph IX of the Complaint.

13. Defendant denies all allegations contained in paragraph X of the Complaint.

14. Defendant denies all allegations contained in paragraph XI of the Complaint.

15. With regard to paragraph XII of the Complaint, Defendant admits only that insofar as any supervisor of Defendant engaged in any harassing, retaliatory, or otherwise unlawful conduct, which Defendant specifically denies, such supervisor was not acting within the scope of his employment. Defendant denies all other allegations contained in paragraph XII of the Complaint.

16. With regard to paragraph XIII, Defendant admits only that Plaintiff made certain limited complaints to management regarding the actions of a co-worker, which management promptly and reasonably addressed in an appropriate manner. Defendant denies all other allegations contained in paragraph XIII of the Complaint.

17. Defendant denies all allegations contained in paragraph XIV of the Complaint.

18. Defendant denies all allegations contained in paragraph XV of the Complaint.

19. Defendant denies all allegations contained in paragraph XVI of the Complaint.

20. Defendant denies all allegations contained in paragraph 1 of the section of the Complaint entitled "Injunctive Relief."

21. Defendant denies all allegations contained in paragraph 2 of the section of the Complaint entitled "Injunctive Relief."

22. Defendant denies all allegations contained in Count One of the Complaint.

23. Defendant denies all allegations contained in Count Two of the Complaint.

24. Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs 1, 2, 3, 4, 5, 6, and 7 of the prayer for relief.

25. Defendant denies all allegations not specifically admitted.

## SECOND DEFENSE

Plaintiffs' Complaint should be dismissed to the extent that it fails to state a claim against Defendant for which relief may be granted. Fed. R. Civ. P. § 12(b)(6).

## THIRD DEFENSE

In the event that the court determines that Plaintiff was subjected to a "hostile work environment" as a result of any conduct by Defendant's supervisors or managers, which Defendant expressly denies, Defendant exercised reasonable care to prevent and promptly correct any harassing behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. Accordingly, Defendant is not liable for any such "hostile work environment" that may be established.

## FOURTH DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any alleged unlawful harassment of Plaintiff by Plaintiff's coworkers, and thus Defendant is not liable for any harassment that may have occurred.

## FIFTH DEFENSE

Plaintiff's allegations under Title VII of the Civil Rights Act of 1964, as amended, exceed, in certain respects, the scope of the charge that Plaintiff filed with the Equal Employment Opportunity Commission. Plaintiff has failed to exhaust his administrative remedies. The court lacks subject matter jurisdiction and Plaintiff is barred from recovering under Title VII for any allegations that exceed the scope of his administrative charge.

## SIXTH DEFENSE

Plaintiffs' claims for punitive damages are limited by and subject to the applicable provisions of the Constitution of the United States.

## SEVENTH DEFENSE

Plaintiffs' claims for compensatory and punitive damages under Title VII are limited by and subject to the provisions of 42 U.S.C. § 1981(a).

## EIGHTH DEFENSE

Plaintiff's claims for compensatory damages are barred in whole or in part to the extent that he failed to exercise reasonable diligence to mitigate his damages.

WHEREFORE, Defendant respectfully prays that the Court enter judgment providing that:

1. The Complaint be dismissed in its entirety;

2. Defendant be awarded its costs incurred in the defense of this action, including its reasonable attorneys' fees; and

3. Defendant be awarded such other and further relief as the Court may deem just and proper.

This the 17 day of June, 2005.

---
Charles P. Roberts III
N.C. State Bar No. 8954

---
Candice S. Wooten
N.C. State Bar No. 28161

**Counsel for Defendant**

CONSTANGY, BROOKS & SMITH, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **Answer** was served on the following counsel of record by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

>Angela Newell Gray
>Gray Newell Johnson & Blackmon, L.L.P.
>8 West Third Street, Suite 100A
>Winston-Salem, NC 27101

This the 17 day of June, 2005.

*/s/ Charles P. Roberts III*
Charles P. Roberts III

CONSTANGY, BROOKS & SMITH, LLC
100 North Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-1001
Facsimile: (336) 748-9112