

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CV-362-FL (3)

JOHNNY M. BAGLEY, )
)
Plaintiff, )
)
v. ) **JOINT RULE 26(f) REPORT**
)
VECELLIO & GROGAN, INC., )
)
Defendant )

I. **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1(e), a meeting was held telephonically on July 19, 2005, and was attended by Angela Newell Gray, counsel for Plaintiff Johnny Bagley ("Bagley"), and Charles P. Roberts III and Candice S. Wooten, counsel for Defendant Vecellio & Grogan, Inc. ("Vecellio"). Ms. Gray and Mr. Roberts will attend the Rule 16(b) telephone conference scheduled for August 12, 2005. Ms. Gray can be reached at (336) 724-0330. Mr. Roberts can be reached at (336) 721-1001.

II. **Pre-Discovery Disclosures.** The mandatory initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **August 12, 2005**.

III. **Nature and complexity of the case.**

a) Jurisdiction

This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (4), and 42 U.S.C. § 2000e-5(f) because it is a civil action arising under the Constitution, treaties or laws of the United States, specifically,

1

Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and 42 U.S.C. § 1981.

b) <u>Key Factual and Legal Issues</u>

At this time, Plaintiff and Defendant believe that the following factual and legal issues are involved in this case:

1. Whether Plaintiff was subjected to an unlawful racially hostile work environment? Plaintiff contends that the answer is "yes." Defendant contends that the answer is "no."

2. Whether Defendant exercised reasonable care to prevent and promptly correct any harassing behavior? Defendant contends that the answer is "yes." Plaintiff contends that the answer is "no."

3. Whether Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise? Defendant contends that the answer is "yes." Plaintiff contends that the answer is "no."

4. Whether Defendant is legally responsible for any racially hostile work environment that may be proved? Plaintiff contends that the answer is "yes." Defendant contends that the answer is "no."

5. Whether Plaintiff suffered an adverse "tangible employment action" as a result of any harassment by co-workers that may be proved? Plaintiff contends that the answer is "yes." Defendant contends that the answer is "no."

6. Whether Defendant retaliated against Plaintiff in various ways, including but not limited to, changing the terms and conditions of his employment

and reducing his wages, as a result of Plaintiff complaining about race discrimination? Plaintiff contends that the answer is "yes." Defendant contends that the answer is "no."

c) <u>Breakdown of damages</u>

Plaintiff alleges, and Defendant disputes, that Plaintiff has suffered the following damages:

    1. Compensatory damages

    2. Punitive Damages

    3. Attorneys' Fees and Costs associated with the litigation

**IV. Discovery Plan.**

The parties jointly propose to the Court the following discovery plan:

a) Discovery shall be had on the following subjects:

    1. Plaintiff's employment history with Defendant;

    2. All factual and legal claims asserted by Plaintiff in the Complaint;

    3. All factual and legal defenses asserted by Defendant in the Answer;

    4. Plaintiff's alleged damages; and

    5. Plaintiff's efforts to mitigate damages or otherwise avoid harm.

b) Discovery should not be conducted in phases and/or limited to or focused upon particular issues.

c) The following discovery categories and limits are suggested and agreed to:

3

1) All discovery shall be commenced in time to be completed by **February 1, 2006**.

2) Maximum of **25 interrogatories** by each party.

3) Maximum of **30 requests for admission** by each party.

4) Maximum of **6 depositions** by each party.

5) Maximum of **50 requests for production** by each party

6) Supplementations under Rule 26(e) should be seasonably made and are due within a reasonable time after the discovery of additional information.

d) No particular discovery problems are anticipated.

V. **Additional Proposed Deadlines.**

a) Reports from retained experts under Rule 26(a)(2) will be due: from Plaintiff by **November 1, 2005**; from Defendant by **December 1, 2005**.

b) Plaintiff should be allowed until **September 30, 2005** to join additional parties and to amend the pleadings. Defendant should be allowed until **October 15, 2005** to join additional parties and to amend the pleadings.

c) All motions to dismiss shall be filed on or before **September 1, 2005**. All motions for summary judgment shall be filed no later than **March 3, 2006.**

d) A final pretrial conference is requested in **July 2006.**

e) Plaintiff has demanded a jury trial, and trial is expected to take approximately 3-4 days. The parties request a trial setting in **August 2006.**

## VI. Mediation.

At this point, neither party is in a position to determine the likelihood of settlement. However, mediation should be conducted during the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties have selected M. Ann Anderson as the mediator.

## VII. Magistrate Judge

The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. 636(c), or to appoint a master. The parties do **not** agree to submit this case to a magistrate judge for trial.

It is so stipulated, this the 28th day of July, 2005.

| | |
|---|---|
| /s/ Angela Newell Gray | /s/ Charles P. Roberts III |
| Angela Newell Gray, Esq. | Charles P. Roberts III |
| N.C. State Bar No. 21006 | N.C. State Bar No. 8954 |
| Gray, Newell, Johnson and Blackmon, LLP | Constangy, Brooks & Smith, LLC |
| 8 West Third Street, Suite 100A | 100 N. Cherry Street, Suite 300 |
| Winston-Salem, NC 27101 | Winston-Salem, NC 27101 |
| Telephone: (336) 724-0330 | Telephone: (336) 721-1001 |
| Facsimile: (336) 724-0141 | Facsimile: (336) 748-9112 |
| | |
| Counsel for Plaintiff | Counsel for Defendant |